**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OAKLEY, INC., | ) | |
| | ) | Case No. 18-cv-01943 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GUANGZHOU BANGGOOD | ) | |
| TECHNOLOGY CO., LTD., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

Plaintiff Oakley, Inc. ("Oakley" or "Plaintiff") hereby brings the present action against Defendant Guangzhou Banggood Technology Co., Ltd. ("Defendant" or "Banggood") and alleges as follows:

**I. INTRODUCTION**

1.      This action has been filed by Plaintiff to address Defendant's selling and offering for sale of sunglasses featuring Plaintiff's patented designs, counterfeits of Plaintiff's Oakley trademarks, and infringements of Plaintiff's Oakley trademarks (the "Infringing Products") through Defendant's website at banggood.com.  Plaintiff seeks to address Defendant's counterfeiting and infringing of its registered trademarks, and twenty of its patented designs, as well as to protect unknowing consumers from purchasing low-quality Infringing Products over the Internet from China.  Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks and patented designs as a result of Defendant's actions and seeks injunctive and monetary relief.

## II. JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant by virtue of the following facts:

a) Defendant has directly targeted business activities toward consumers in Illinois and caused harm to Plaintiff's business within this Judicial District.  Defendant has targeted sales to Illinois residents by operating fully interactive and commercial websites that offer to sell and have sold counterfeit Oakley products to residents of Illinois, including the website at banggood.com.  Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

b) Defendant works with global couriers, such as DHL and FedEx, for international deliveries to consumers in the United States, including Illinois.

c) Defendant's online store at banggood.com accepts payment in U.S. dollars.

d) On information and belief, millions of web users from the United States (including the State of Illinois) visit banggood.com each month.

## III. THE PARTIES

**Plaintiff Oakley**

4.    Plaintiff Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5.    Plaintiff Oakley is an indirect, wholly-owned subsidiary of Luxottica Group S.p.A.

6.    Oakley is an internationally recognized manufacturer, distributor and retailer of eyewear, apparel, footwear, outerwear, jackets, accessories and other merchandise, all of which prominently display its famous, internationally-recognized and federally-registered Trademarks, including OAKLEY and various Icon logos (collectively, the "Oakley Products"). Oakley Products have become enormously popular and even iconic, driven by Oakley's arduous quality standards and innovative design. Among the purchasing public, genuine Oakley Products are instantly recognizable as such. In the United States and around the world, the Oakley brand has come to symbolize high quality, and Oakley Products are among the most recognizable eyewear, headwear, footwear, outerwear, jackets and apparel in the world.

7.    Oakley Products are distributed and sold to consumers through retailers throughout the United States, including through authorized retailers in Illinois, the official Oakley.com website which was launched in 1995, and Oakley "O" Stores, including one located at 835 N. Michigan Avenue in Chicago, Illinois.

8.    Oakley incorporates a variety of distinctive marks in the design of its various Oakley Products. As a result of its long-standing use, Oakley owns common law trademark rights in several Oakley Trademarks. Oakley has also registered its trademarks with the United States Patent and Trademark Office. Oakley Products typically include at least one of Oakley's registered

Trademarks.  Oakley uses its trademarks in connection with the marketing of its Oakley Products, including, but not limited to, the following marks, which are referred to herein as the "Oakley Trademarks."

| Registration No. | Goods and Services | Date of Registration | Image |
|---|---|---|---|
| 1,984,501 | Protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories in class 9. | July 02, 1996 |  |
| 3,151,994 | Protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories in class 9. | October 03, 2006 |  |
| 3,331,124 | For: Protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories; and protective clothing, namely, racing pants in class 9. | November 06, 2007 |  |

9.    The above registrations for the Oakley Trademarks are valid, subsisting, in full force and effect, and incontestable pursuant to 15 U.S.C. § 1065.  The Oakley Trademarks have been used exclusively and continuously by Oakley since at least as early as 1993, 2005, and 2005, respectively, and have never been abandoned.  Attached hereto as **Exhibits 1 through 3** are true and correct copies of the United States Registration Certificate for the Oakley Trademarks listed above.  Incontestable status under 15 U.S.C. § 1065 provides that the registrations for the Oakley

Trademarks are conclusive evidence of the validity of Oakley's Trademarks and of the registration of the Oakley Trademarks, of Oakley's ownership of the Oakley Trademarks, and of Oakley's exclusive right to use the Oakley Trademarks in commerce. 15 U.S.C. §§ 1115(b), 1065.

10.     The Oakley Trademarks are exclusive to Oakley, and are displayed extensively on Oakley Products and in Oakley's marketing and promotional materials. Oakley Products have long been among the most popular eyewear in the world and have been extensively promoted and advertised at great expense. In fact, Oakley has expended millions of dollars annually in advertising, promoting and marketing featuring their trademarks, including the Oakley Trademarks. Oakley Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs and are renowned as desired luxury items. Because of these and other factors, the Oakley name and the Oakley Trademarks have become famous throughout the United States.

11.     The Oakley Trademarks are distinctive when applied to the Oakley Products, signifying to the purchaser that the products come from Oakley and are manufactured to Oakley's quality standards. Whether Oakley manufactures the products itself or licenses others to do so, Oakley has ensured that products bearing the Oakley Trademarks are manufactured to the highest quality standards. The Oakley Trademarks have achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the mark. As such, the goodwill associated with the Oakley Trademarks is of incalculable and inestimable value to Oakley.

12.     Since at least as early as 1995, Oakley has operated a website where it promotes and sells genuine Oakley Products at Oakley.com. Sales of Oakley Products via the Oakley.com website represent a significant portion of Oakley's business. The Oakley.com website features proprietary content, images and designs exclusive to Oakley.

13. Oakley's innovative marketing and product designs have enabled Oakley to achieve widespread recognition and fame and have made the Oakley Trademarks some of the most well-known marks in the eyewear and apparel industry. The widespread fame, outstanding reputation, and significant goodwill associated with the Oakley brand have made the Oakley Trademarks a valuable asset of Oakley.

14. Oakley has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the Oakley Trademarks. As a result, products bearing the Oakley Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Oakley. Oakley is a multi-million dollar operation, and Oakley Products have become among the most popular of their kind in the world.

15. In addition to their valuable trademarks, Oakley Products are further known for their distinctive designs. Like the Oakley Trademarks, these designs are broadly recognized by consumers. Sunglasses fashioned after these designs are associated with the quality and innovation that the public has come to expect from Oakley Products. Oakley uses these designs in connection with the marketing of its Oakley Products, including, but not limited to, the following designs, herein referred to as the "Oakley Designs."

| Patent Number | Associated Oakley Product (component) | Claim | Issue Date |
|---|---|---|---|
| D514,613 | Split THUMP |  | February 7, 2006 |
| D523,461 | Split THUMP |  | June 20, 2006 |

| D568,917 | Radar Path (lens) | | May 13, 2008 |
|---|---|---|---|
| D569,412 | Radar | | May 20, 2008 |
| D573,621 | Radar Path Vented (lens) | | July 22, 2008 |
| D581,443 | Radar | | November 25, 2008 |
| D581,444 | Radar (stem) | | November 25, 2008 |
| D582,957 | Split THUMP | | December 16, 2008 |
| D615,580 | Jawbone | | May 11, 2010 |

| D622,304 | Jawbone |  | August 24, 2010 |
| D640,727 | Jawbone |  | June 28, 2011 |
| D659,180 | RadarLock |  | May 8, 2012 |
| D719,209 | Jawbreaker |  | December 9, 2014 |
| D725,695 | Jawbreaker (face) |  | March 31, 2015 |
| D725,696 | Jawbreaker (stem) |  | March 31, 2015 |
| D728,002 | Radar EV Path |  | April 28, 2015 |
| D745,921 | M2 Frame XL |  | December 22, 2015 |

| D746,355 | Radar EV Path | | December 29, 2015 |
|---|---|---|---|
| D746,368 | Radar EV Path | | December 29, 2015 |
| D798,371 | M2 Frame XL | | September 26, 2017 |

16.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D514,613 ("the '613 Patent"). The '613 Patent was lawfully issued on February 7, 2006 with named inventors James H. Jannard, Hans Karsten Moritz, and Lek Thixton. Attached hereto as **Exhibit 4** is a true and correct copy of the '613 Patent.

17.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D523,461 ("the '461 Patent"). The '461 Patent was lawfully issued on June 20, 2006 with named inventors James H. Jannard, Hans Karsten Moritz, and Lek Thixton. Attached hereto as **Exhibit 5** is a true and correct copy of the '461 Patent.

18.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D568,917 ("the '917 Patent"). The '917 Patent was lawfully issued on May 13, 2008 with a named inventor of Peter Yee. Attached hereto as **Exhibit 6** is a true and correct copy of the '917 Patent.

19.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D569,412 ("the '412 Patent"). The '412 Patent was lawfully issued on

May 20, 2008 with named inventors James H. Jannard, Lek Thixton, Colin Baden, and Peter Yee. Attached hereto as **Exhibit 7** is a true and correct copy of the '412 Patent.

20.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D573,621 ("the '621 Patent"). The '621 Patent was lawfully issued on July 22, 2008 with a named inventor of Peter Yee. Attached hereto as **Exhibit 8** is a true and correct copy of the '621 Patent.

21.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D581,443 ("the '443 Patent"). The '443 Patent was lawfully issued on November 25, 2008 with named inventors James H. Jannard, Lek Thixton, Colin Baden, and Peter Yee. Attached hereto as **Exhibit 9** is a true and correct copy of the '443 Patent.

22.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D581,444 ("the '444 Patent"). The '444 Patent was lawfully issued on November 25, 2008 with named inventors James H. Jannard, Lek Thixton, Colin Baden, and Peter Yee. Attached hereto as **Exhibit 10** is a true and correct copy of the '444 Patent.

23.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D582,957 ("the '957 Patent"). The '957 Patent was lawfully issued on December 16, 2008 with a named inventor of Hans Karsten Moritz. Attached hereto as **Exhibit 11** is a true and correct copy of the '957 Patent.

24.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D615,580 ("the '580 Patent"). The '580 Patent was lawfully issued on May 11, 2010 with named inventors of Colin Baden and Hans Karsten Moritz. Attached hereto as **Exhibit 12** is a true and correct copy of the '580 Patent.

25.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D622,304 ("the '304 Patent").  The '304 Patent was lawfully issued on August 24, 2010 with named inventors of Colin Baden and Hans Karsten Moritz.  Attached hereto as **Exhibit 13** is a true and correct copy of the '304 Patent.

26.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D640,727 ("the '727 Patent").  The '727 Patent was lawfully issued on June 28, 2011 with named inventors of Hans Karsten Moritz and Colin Baden.  Attached hereto as **Exhibit 14** is a true and correct copy of the '727 Patent.

27.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D659,180 ("the '180 Patent").  The '180 Patent was lawfully issued on May 8, 2012 with a named inventor of Hans Moritz.  Attached hereto as **Exhibit 15** is a true and correct copy of the '180 Patent.

28.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D719,209 ("the '209 Patent").  The '209 Patent was lawfully issued on December 9, 2014 with a named inventor of Nicolas Adolfo Garfias.  Attached hereto as **Exhibit 16** is a true and correct copy of the '209 Patent.

29.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D725,695 ("the '695 Patent").  The '695 Patent was lawfully issued on March 31, 2015 with a named inventor of Nicolas Adolfo Garfias.  Attached hereto as **Exhibit 17** is a true and correct copy of the '695 Patent.

30.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D725,696 ("the '696 Patent").  The '696 Patent was lawfully issued on

March 31, 2015 with a named inventor of Nicholas Adolfo Garfias.  Attached hereto as **Exhibit 18** is a true and correct copy of the '696 Patent.

31.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D728,002 ("the '002 Patent").  The '002 Patent was lawfully issued on April 28, 2015 with a named inventor of Kyusik Uhm.  Attached hereto as **Exhibit 19** is a true and correct copy of the '002 Patent.

32.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D745,921 ("the '921 Patent").  The '921 Patent was lawfully issued on December 22, 2015 with named inventors Lek Haagen Thixton and Peter K. Yee.  Attached hereto as **Exhibit 20** is a true and correct copy of the '921 Patent.

33.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D746,355 ("the '355 Patent").  The '355 Patent was lawfully issued on December 29, 2015 with a named inventor of Kyusik Uhm.  Attached hereto as **Exhibit 21** is a true and correct copy of the '355 Patent.

34.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D746,368 ("the '368 Patent").  The '368 Patent was lawfully issued on December 29, 2015 with a named inventor of Kyusik Uhm.  Attached hereto as **Exhibit 22** is a true and correct copy of the '368 Patent.

35.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D798,371 ("the '371 Patent").  The '371 Patent was lawfully issued on September 26, 2017 with named inventors Lek Haagen Thixton and Peter K. Yee.  Attached hereto as **Exhibit 23** is a true and correct copy of the '371 Patent.

36.     Oakley has not granted a license or any other form of permission to Defendant with respect to: the Oakley Trademarks; the design protected by the '613 Patent; the design protected by the '461 Patent; the design protected by the '917 Patent; the design protected by the '412 Patent; the design protected by the '621 Patent; the design protected by the '443 Patent; the design protected by the '444 Patent; the design protected by the '957 Patent; the design protected by the '580 Patent; the design protected by the '304 Patent; the design protected by the '727 Patent; the design protected by the '180 Patent; the design protected by the '209 Patent; the design protected by the '695 Patent; the design protected by the '696 Patent; the design protected by the '002 Patent; the design protected by the '921 Patent; the design protected by the '355 Patent; the design protected by the '368 Patent; or the design protected by the '371 Patent.

**The Defendant**

37.     Upon information and belief, Guangzhou Banggood Technology Co., Ltd. (previously defined as "Banggood" or "Defendant") is a corporation organized and existing under the laws of the People's Republic of China, and headquartered at Floor 2, Haoquan Building, Jichangdongmen Road #1, Jingtai street, Baiyun District, Guangzhou, Guangdong, China 510400.

38.     Defendant conducts business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of its fully interactive, commercial website at banggood.com.  Defendant targets the United States, including Illinois residents, and has offered to sell, and has sold, Infringing Products to consumers within the State of Illinois through the banggood.com website.

## IV. DEFENDANT'S UNLAWFUL CONDUCT

39.     Defendant operates a fully interactive, commercial website located at banggood.com.

40.     Defendant is engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products on its website at banggood.com bearing at least one logo, source-identifying indicia and design elements, that are studied imitations, infringements, and/or counterfeits of the Oakley Trademarks (previously defined as the "Infringing Products").

41.     Defendant is involved in the importation, offering for sale and/or sale of sunglasses that infringe the '613, '461, '917, '412, '621, '443, '444, '957, '580, '304, '727, '180, '209, '695, '696, '002, '921, '355, '368 and '371 Patents (previously defined as the "Infringing Products").

42.     Plaintiff's investigator visited the Defendant's website at banggood.com and purchased Infringing Products.

43.     The purchased Infringing Products were shipped to the State of Illinois.

44.     The purchased Infringing Products were inspected and it was determined that the purchased Infringing Products infringed the Oakley Trademarks and/or Oakley Designs.

45.     A comparison of Plaintiff's genuine Fuel Cell$^{TM}$ sunglasses with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of U.S. Trademark Registration No. 3,151,994 for a stylized "O" design mark owned by Oakley.



| Plaintiff's Fuel Cell$^{TM}$ Sunglasses | Defendant's Infringing Product |
|---|---|

46.    A comparison of Plaintiff's genuine Split THUMP sunglasses with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of U.S. Trademark Registration No. 3,151,994 for a stylized "O" design mark owned by Oakley.



| **Plaintiff's Split THUMP Sunglasses** | **Defendant's Infringing Product** |

47.    A comparison of Plaintiff's genuine Radar® sunglasses with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of U.S. Trademark Registration No. 1,984,501 for a stylized "O" design mark owned by Oakley.



| **Plaintiff's Radar® Sunglasses** | **Defendant's Infringing Product** |

48.    Upon information and belief, Defendant is well aware of the extraordinary fame and strength of Plaintiff's Oakley Trademarks and the goodwill associated therewith.

49.     Defendant, without any authorization, license, or other permission from Plaintiff, has used Plaintiff's Oakley Trademarks in connection with the advertisement, distribution, offering for sale, and sale of the Infringing Products into the United States and Illinois over the Internet.

50.     Defendant's use of infringements and/or counterfeits of Plaintiff's Oakley Trademarks in the advertisement, distribution, offering for sale, and sale of the Infringing Products was willful.

51.     Defendant's willful use of infringements and/or counterfeits of Plaintiff's Oakley Trademarks in connection with the advertisement, distribution, offering for sale, and sale of the Infringing Products, including the sale of an Infringing Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

52.     A comparison of Plaintiff's claim in the '613 Patent with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of United States Design Patent No. D514,613 owned by Oakley.



| **Plaintiff's '613 Design Claim** | **Defendant's Infringing Product** |

53.     A comparison of Plaintiff's claim in the '461 Patent with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of United States Design Patent No. D523,461 owned by Oakley.



| Plaintiff's '461 Design Claim | Defendant's Infringing Product |

54.    A comparison of Plaintiff's claim in the '917 Patent with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of United States Design Patent No. D568,917 owned by Oakley.



| Plaintiff's '917 Design Claim | Defendant's Infringing Product |

55.    A comparison of Plaintiff's claim in the '412 Patent with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of United States Design Patent No. D569,412 owned by Oakley.



| Plaintiff's '412 Design Claim | Defendant's Infringing Product |
|---|---|

56.     A comparison of Plaintiff's claim in the '621 Patent with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of United States Design Patent No. D573,621 owned by Oakley.



| Plaintiff's '621 Design Claim | Defendant's Infringing Product |
|---|---|

57.     A comparison of Plaintiff's claim in the '443 Patent with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of United States Design Patent No. D581,443 owned by Oakley.

18



| **Plaintiff's '443 Design Claim** | **Defendant's Infringing Product** |

58.     A comparison of Plaintiff's claim in the '444 Patent with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of United States Design Patent No. D581,444 owned by Oakley.



| **Plaintiff's '444 Design Claim** | **Defendant's Infringing Product** |

59.     A comparison of Plaintiff's claim in the '957 Patent with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of United States Design Patent No. D582,957 owned by Oakley.



| | |
|---|---|
| **Plaintiff's '957 Design Claim** | **Defendant's Infringing Product** |

60.    A comparison of Plaintiff's claim in the '580 Patent with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of United States Design Patent No. D615,580 owned by Oakley.



| | |
|---|---|
| **Plaintiff's '580 Design Claim** | **Defendant's Infringing Product** |

61.    A comparison of Plaintiff's claim in the '304 Patent with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of United States Design Patent No. D622,304 owned by Oakley.



| | |
|---|---|
| **Plaintiff's '304 Design Claim** | **Defendant's Infringing Product** |

62.    A comparison of Plaintiff's claim in the '727 Patent with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of United States Design Patent No. D640,727 owned by Oakley.



| | |
|---|---|
| **Plaintiff's '727 Design Claim** | **Defendant's Infringing Product** |

63.    A comparison of Plaintiff's claim in the '180 Patent with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of United States Design Patent No. D659,180 owned by Oakley.

21



| Plaintiff's '180 Design Claim | Defendant's Infringing Product |
|---|---|

64. A comparison of Plaintiff's claim in the '209 Patent with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of United States Design Patent No. D719,209 owned by Oakley.



| Plaintiff's '209 Design Claim | Defendant's Infringing Product |
|---|---|

65. A comparison of Plaintiff's claim in the '695 Patent with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of United States Design Patent No. D725,695 owned by Oakley.



| | |
|---|---|
| **Plaintiff's '695 Design Claim** | **Defendant's Infringing Product** |

66.     A comparison of Plaintiff's claim in the '696 Patent with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of United States Design Patent No. D725,696 owned by Oakley.



| | |
|---|---|
| **Plaintiff's '696 Design Claim** | **Defendant's Infringing Product** |

67.     A comparison of Plaintiff's claim in the '002 Patent with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of United States Design Patent No. D728,002 owned by Oakley.



| Plaintiff's '002 Design Claim | Defendant's Infringing Product |

68.     A comparison of Plaintiff's claim in the '921 Patent with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of United States Design Patent No. D745,921 owned by Oakley.



| Plaintiff's '921 Design Claim | Defendant's Infringing Product |

69.     A comparison of Plaintiff's claim in the '355 Patent with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of United States Design Patent No. D746,355 owned by Oakley.



| Plaintiff's '355 Design Claim | Defendant's Infringing Product |
|---|---|

70.     A comparison of Plaintiff's claim in the '368 Patent with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of United States Design Patent No. D746,368 owned by Oakley.



| Plaintiff's '368 Design Claim | Defendant's Infringing Product |
|---|---|

71.     A comparison of Plaintiff's claim in the '371 Patent with an Infringing Product offered for sale on banggood.com exemplifies Defendant's infringement of United States Design Patent No. D798,371 owned by Oakley.



| Plaintiff's '371 Design Claim | Defendant's Infringing Product |
| --- | --- |

72.     Upon information and belief, Defendant is well aware of the extraordinary fame of Plaintiff's Oakley Designs and the high-quality products associated therewith.

73.     Defendant, without any authorization, license, or other permission from Plaintiff, has used Plaintiff's Oakley Designs in connection with the making, using, offering to sell, selling, or importing of Infringing Products into the United States and Illinois over the Internet.

74.     Defendant's use of infringements of Plaintiff's Oakley Designs in the making, using, offering to sell, selling, or importing of the Infringing Products was willful.

75.     Defendant's willful use of infringements of Plaintiff's Oakley Designs in connection with the making, using, offering to sell, selling, or importing of Infringing Products, including the sale of Infringing Products into Illinois, is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

76.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 75.

77.     This is a trademark infringement action against Defendant based on Defendant's unauthorized use in commerce of a counterfeit imitation of Plaintiff's federally registered Oakley Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of an

26

infringing good. Plaintiff's Oakley Trademarks are highly distinctive. Consumers have come to expect the highest quality from Oakley Products sold or marketed under the Oakley Trademarks.

78.     Defendant has sold, offered to sell, marketed, distributed and advertised, products bearing infringements and/or counterfeits of Plaintiff's Oakley Trademarks without Plaintiff's permission.

79.     Plaintiff is the exclusive owner of the Oakley Trademarks. Plaintiff's United States Registrations for the Oakley Trademarks (**Exhibit 1**, **Exhibit 2**, and **Exhibit 3**) are in full force and effect. Upon information and belief, Defendant has knowledge of Plaintiff's rights in the Oakley Trademarks and has willfully infringed and intentionally used counterfeits and/or infringements of the Oakley Trademarks. Defendant's willful, intentional and unauthorized use of the Oakley Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Infringing Products among the general public.

80.     Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

81.     Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Oakley Trademarks.

82.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Infringing Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

83.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 82.

84.    Defendant's promotion, marketing, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's Infringing Products by Plaintiff.

85.    By using Plaintiff's Oakley Trademarks on the Infringing Products, Defendant created a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Infringing Products.

86.    Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

87.    Plaintiff has no adequate remedy at law and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the Oakley brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, *et seq.*)

88.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 87.

89.    Defendant has engaged in acts violating Illinois law including, but not limited to, passing off their Infringing Products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Oakley Products, representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

90. The foregoing Defendant's acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

91. Plaintiff has no adequate remedy at law, and Defendant's conduct has caused Plaintiff to suffer damage to its reputation and goodwill associated therewith. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

## COUNT IV
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D514,613
## (35 U.S.C. § 271)

92. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 91.

93. Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '613 Patent.

94. Defendant has infringed the '613 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions. Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

95. Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT V
### INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D523,461
### (35 U.S.C. § 271)

96.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 95.

97.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '461 Patent.

98.     Defendant has infringed the '461 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

99.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT VI
### INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D568,917
### (35 U.S.C. § 271)

100.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 99.

101.    Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '917 Patent.

102.    Defendant has infringed the '917 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

103.    Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**COUNT VII**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D569,412**
**(35 U.S.C. § 271)**

104.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 103.

105.    Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '412 Patent.

106.    Defendant has infringed the '412 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

107.    Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**COUNT VIII**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D573,621**
**(35 U.S.C. § 271)**

108.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 107.

109.    Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '621 Patent.

110.    Defendant has infringed the '621 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

111.    Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**COUNT IX**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D581,443**
**(35 U.S.C. § 271)**

112.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 111.

113.    Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '443 Patent.

32

114.    Defendant has infringed the '443 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

115.    Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**COUNT X**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D581,444**
**(35 U.S.C. § 271)**

116.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 115.

117.    Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '444 Patent.

118.    Defendant has infringed the '444 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

119.    Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT XI
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D582,957
## (35 U.S.C. § 271)

120.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 119.

121.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '957 Patent.

122.     Defendant has infringed the '957 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

123.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT XII
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D615,580
## (35 U.S.C. § 271)

124.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 123.

125.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '580 Patent.

126.     Defendant has infringed the '580 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

127.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT XIII
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D622,304
## (35 U.S.C. § 271)

128.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 127.

129.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '304 Patent.

130.     Defendant has infringed the '304 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

131.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT XIV
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D640,727
## (35 U.S.C. § 271)

132.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 131.

133.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '727 Patent.

134.     Defendant has infringed the '727 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions. Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

135.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT XV
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D659,180
## (35 U.S.C. § 271)

136.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 135.

137.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '180 Patent.

138.    Defendant has infringed the '180 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

139.    Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT XVI
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D719,209
### (35 U.S.C. § 271)

140.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 139.

141.    Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '209 Patent.

142.    Defendant has infringed the '209 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

143.    Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT XVII
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D725,695
### (35 U.S.C. § 271)

144.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 143.

145.    Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '695 Patent.

146.    Defendant has infringed the '695 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions. Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

147.    Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT XVIII
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D725,696
### (35 U.S.C. § 271)

148.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 147.

149.    Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '696 Patent.

150.    Defendant has infringed the '696 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

151.    Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**COUNT XIX**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D728,002**
**(35 U.S.C. § 271)**

152.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 151.

153.    Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '002 Patent.

154.    Defendant has infringed the '002 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

155.    Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT XX
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D745,921
## (35 U.S.C. § 271)

156.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 155.

157.    Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '921 Patent.

158.    Defendant has infringed the '921 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

159.    Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT XXI
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D746,355
## (35 U.S.C. § 271)

160.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 159.

161.    Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '355 Patent.

162.     Defendant has infringed the '355 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

163.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**COUNT XXII**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D746,368**
**(35 U.S.C. § 271)**

164.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 163.

165.     Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '368 Patent.

166.     Defendant has infringed the '368 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

167.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT XXIII
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D798,371
### (35 U.S.C. § 271)

168.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 167.

169.    Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '371 Patent.

170.    Defendant has infringed the '371 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

171.    Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1)  That Defendant, its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

    a.  using the Oakley Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing,

advertising, offering for sale, or sale of any product that is not a genuine Oakley Product or is not authorized by Plaintiff to be sold in connection with the Oakley Trademarks;

b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Oakley Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the Oakley Trademarks;

c.  committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d.  further infringing the Oakley Trademarks and damaging Plaintiff's goodwill;

e.  importing, offering for sale, or selling any products not authorized by Oakley and that include any reproduction, copy or colorable imitation of the designs claimed in any of Oakley's '613, '461, '917, '412, '621, '443, '444, '957, '580, '304, '727, '180, '209, '695, '696, '002, '921, '355, '368 and '371 Patents;

f.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Oakley, nor authorized by Oakley to be sold or offered for sale, and which bear any of Oakley's trademarks, including the Oakley Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

g.  aiding, abetting, contributing to or otherwise assisting anyone in infringing upon the Oakley Trademarks, or any of Oakley's '613, '461, '917, '412, '621, '443, '444, '957, '580, '304, '727, '180, '209, '695, '696, '002, '921, '355, '368 and '371 Patents; and

h. effecting assignments or transfers, forming new entities or association or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (g).

2) That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defendant has complied with paragraph 1, a through h, supra;

3) That Defendant account for and pay to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of Plaintiff's Oakley Trademarks, be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) Awarding Oakley such damages as it shall prove at trial against Defendant that are adequate to compensate Oakley for infringement of Oakley's '613, '461, '917, '412, '621, '443, '444, '957, '580, '304, '727, '180, '209, '695, '696, '002, '921, '355, '368 and '371 Patents, and all of the profits realized by Defendant, or others acting in concert or participation with it, from Defendant's unauthorized use and infringement of Oakley's '613, '461, '917, '412, '621, '443, '444, '957, '580, '304, '727, '180, '209, '695, '696, '002, '921, '355, '368 and '371 Patents;

5) That Oakley be awarded from Defendant, as a result of Defendant's use of the Oakley Designs, three times Oakley's damages therefrom and three times Defendant's profits therefrom, after an accounting, pursuant to 35 U.S.C. § 284;

6) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of $2,000,000 (two million dollars) for each and every use of Plaintiff's Oakley Trademarks;

7) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

8)  Award any and all other relief that this Court deems just and proper.

Dated this 16th day of March 2018.          Respectfully submitted,


                                            /s/ Justin R. Gaudio
                                            Amy C. Ziegler
                                            Justin R. Gaudio
                                            Allyson M. Martin
                                            Greer, Burns & Crain, Ltd.
                                            300 South Wacker Drive, Suite 2500
                                            Chicago, Illinois 60606
                                            312.360.0080
                                            312.360.9315 (facsimile)
                                            aziegler@gbc.law
                                            jgaudio@gbc.law
                                            amartin@gbc.law

                                            *Counsel for Plaintiff Oakley, Inc.*

45